IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINISHA JANELLE DELANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 16-1784 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Tinisha Janelle Delaney ("Delaney") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying her claim for a period of disability and disability insurance benefits ("DIB"). Delaney alleges a disability beginning on December 31, 2013. (R. 12) Following a hearing before an ALJ, during which both Delaney and a vocational expert ("VE") testified, the ALJ denied her claim. (R. 12-30) Delaney appealed. Pending are cross motions for summary judgment. See ECF docket nos. [11] and [14]. After careful consideration, the ALJ's decision is affirmed.

### Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The

2

Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The Weight Accorded to the Medical Statements</u>

Delaney challenges the ALJ's assessment of the opinion evidence. The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be

3

the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id*, § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, 'where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to

4

work." 20 C.F.R. § 416.927(d)(1), (3); Dixon v. Comm'r. of Soc. Sec., 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions of disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r. of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation for his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r. of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

Here, the ALJ declined to give controlling weight to the opinions offered by Dr. Bierkortte, Delaney's treating psychiatrist. The ALJ explained that Dr. Bierkortte's findings regarding activities of daily living, difficulty in maintaining social functioning, deficiencies of concentration, persistence or pace, and episodes of deterioration or decompensation in work, were inconsistent with the record as a whole. (R. 16) This is a valid and acceptable reason for discounting medical opinion evidence. 20 C.F.R. §§ 404.1527, 416.927 (evaluating opinion evidence). Furthermore, I find that there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Bierkortte.[2] The ALJ also found that Bierkortte's opinion was internally inconsistent. (R.

---

[2] For instance, the ALJ noted that Delaney's written statements and statements to the consultative psychologist indicate that she has only moderate restrictions in her activities of daily living, rather than "marked" as noted by Dr. Bierkortte. (R. 16) Indeed, the record indicates that she "is independent in her personal care, managing her personal finances, and caring for her young son." (R. 16) Further, she is able to take public transportation and maintains a valid driver's license and drove when she owned a car. (R. 16) She also watches television and interacts daily with extended family members. (R. 16) Additionally, she is able to perform basic household tasks such as cooking, cleaning, shopping, and doing the laundry. (R. 16) Dr. Bierkortte also found that Delaney suffered from extreme

5

26) Again, this is a valid consideration in weighing opinion evidence. 20 C.F.R. §§ 404.1527, 416.927. Further, and contrary to Delaney's contentions, the ALJ did consider the length of the treatment relationship and Bierkortte's specialization. *(emphasis added)*.[3] Therefore, I find no error in the ALJ's assessment of Bierkortte's opinion.[4]

Nor do I find any error with respect to her evaluation and weighing of the opinion offered by Nancy Kunsak, Ph.D., a consulting psychologist. The ALJ noted that Kunsak's examination occurred "only a few weeks after the claimant's November 19, 2015 hospital discharge for hallucinations…." (R. 26) As such, the ALJ did not find it to be reflective of Delaney's current condition. The ALJ also found that "treatment records after the consultative examination and ongoing through April 2016 reflect that the prescribed medication regimen generally controlled her symptoms with subjective and objective evidence of improvement in functioning." (R. 26) Further, the ALJ determined that Kunsak's report was internally inconsistent. I find the reasons given by the ALJ for discounting Kunsak's opinion evidence to be appropriate, sufficiently explained, and supported by substantial evidence of record.

---

difficulty in maintaining social functioning. (R. 16) Yet Delaney herself acknowledged "that she goes out daily by herself and is able to use public transportation" and that she "interacts with family members including her father and cousin." (R. 16) The ALJ also noted that Delaney was "employed on multiple occasions as a cashier or in retail sales, requiring interaction with the public." (R. 16) The ALJ accounted for "moderate" difficulties in social functioning by implementing restrictions in the RFC to limiting her interactions. (R. 16)

[3] Indeed, the ALJ acknowledged that Bierkortte was a psychiatrist, but found Bierkortte's assessment to be "only a snapshot of her current conditions and functioning based on his *limited relationship with the claimant* since November 9, 2015 …." (R. 26)

[4] Delaney urges that the ALJ should have contacted Bierkortte to further develop the record. I reject this contention. An ALJ must further develop the record where there is insufficient evidence to render a decision. 20 C.F.R. § 404.1520b(c). Here the ALJ did not find insufficient evidence to render a decision; she found that Bierkortte's opinion was internally inconsistent and not supported by the record.

Because the ALJ appropriately weighed the medical opinions and because her decision is supported by substantial evidence of record, remand is unwarranted. The ALJ's decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINISHA JANELLE DELANEY )
    Plaintiff, )
     )
  -vs- )   Civil Action No. 16-1784
     )
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
     )
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 8th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 11) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED.

                        BY THE COURT:

                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.